# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RODERICK McARTHUR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:10CV1277 JCH |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Roderick McArthur (registration no. 34702-044), an inmate at FMC-Springfield, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $42.33. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $211.67, and an average monthly balance of $21.56. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $42.33, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 112 S. Ct. 1728,

1733 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

## The Complaint

This is a Bivens action. Named as defendants are the United States of America and Carrie Constantin, Assistant United States Attorney. Plaintiff's allegations relate to his conviction for possession of child pornography in United States v. McArthur, 4:07CR651 DJS. Plaintiff alleges that the child pornography that was found on his computer was located in unallocated space on his hard drive. Plaintiff claims that he never intentionally saved the materials on his hard drive, but that they were picked up automatically while he was surfing the web. Plaintiff says that the government improperly used this evidence against him, knowing that he did not intentionally possess the material. Plaintiff seeks money damages and to have the conviction overturned.

## Discussion

A prisoner may not recover damages in a <u>Bivens</u> suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence, unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994); <u>Schafer v. Moore</u>, 46 F.3d 43, 45 (8th Cir. 1995). As a result, plaintiff is barred from collecting money damages in this case. And plaintiff may only seek to have his conviction overturned in a post-conviction motion.

Furthermore, the United States of America is immune from suit. And Carrie Constantin is entitled to prosecutorial immunity. <u>Brodnicki v. City of Omaha</u>, 75 F.3d 1261, 1266 (8th Cir. 1996).

For these reasons, the complaint must be dismissed under 28 U.S.C. § 1915(e). Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $42.33 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it:

(1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 9th day of August, 2010.

/s/ Jean C. Hamilton  
JEAN C. HAMILTON  
UNITED STATES DISTRICT JUDGE